GARARD D. JONES, and JULIA ANN, his wife, DAVID C. JAMESON, and CATHARINE C., his wife, Plaintiffs in Error, *v.* WILLIAM L. KING, Defendant in Error.

### ERROR TO ADAMS.

Where a fee simple estate is granted by a deed, covenanting to warrant and defend, against all persons, the grantor cannot deny that the heirs of the grantee are seized in fee of the premises.

A subsequently acquired title by such grantor from another, enures by the way of estoppel to the grantee, his heirs or assigns, unless the new title is derived through a judicial sale for taxes or otherwise.

Jones et al. *v.* King.

An administrator, though the estate he sells was in fact held for a term of years, if he sells the fee and warrants the title, cannot afterwards claim that he sold less than the fee.

THIS was an action of ejectment.

Plea, not guilty. Trial by court, and judgment for defendant. Motion for new trial, and motion overruled.

The declaration counts for a leasehold estate and also for the fee.

The plaintiffs proved on the trial, that at the time of the service of the declaration herein, and at the time of the commencement of this suit, the defendant was in the actual possession of the premises in the plaintiffs' declaration described, claiming possession thereof adversely to the plaintiffs. The plaintiffs then read in evidence the following deed and covenants therein contained:

"This indenture, made and entered into on this nineteenth day of July, in the year of our Lord one thousand eight hundred and thirty-nine, between James A. King, and Susan King, his wife, and William L. King, and Selina, his wife, of the county of Adams, and State of Illinois, of the first part, and Thomas C. King, of the county of Adams, and State of Illinois, of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of five hundred dollars, current money of the United States, to them in hand paid by the said party of the second part, before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain, sell, alien, release and confirm, unto the said party of the second part, his heirs and assigns, all their right, title, interest and claim, of, in and to a certain tract of land, or lot of ground, situate, lying and being in the county and State aforesaid, known and described as part of lot number five, in block number nine, to wit, twenty feet front on Hampshire street, running back one hundred feet, being the lot on which said T. C. King now lives. To have and to hold, the aforesaid tract of land, or lot of ground, together with all and singular the appurtenances, improvements and privileges thereunto belonging, or in any wise appertaining, to the only proper use, benefit and behoof of the said Thomas C. King, his heirs and assigns forever. And the said James A. King and William L. King, for themselves and their heirs, do by these presents, covenant to and with the said Thomas C. King, that they will forever warrant and defend the title to the said tract of land, or lot of ground, to be free from the claim or claims of himself and his heirs, and all other persons claiming by, through or under him, and also from the claim or claims of all and every other person or persons whomsoever.

In testimony whereof, the said parties of the first part have hereunto subscribed their names and affixed their seals, the day, month and year first above written.

Signed, sealed, acknowledged and } delivered in presence of

JAMES A. KING .[SEAL.]

SUSAN ⋈ KING. [SEAL.]
<br>her<br>mark.

WILL. L. KING. [SEAL.]

SELINA KING. [SEAL.]

And in connection therewith, the plaintiffs proved that the said Thomas C. King, at the date and execution of said deed, lived upon and occupied as his residence the part of said lot five, in said block nine, in the town, now city of Quincy, Adams county, State of Illinois, in said deed mentioned, and described in plaintiffs' declaration herein, and proved that the said Thos. C. King died intestate, on the 17th day of April, 1854, leaving him surviving his only children and sole heirs at law, Julia A. and Catharine C., femes covert plaintiffs, and leaving no widow, and that said Julia A., at the time of the commencement of this suit, and service of the plaintiffs' declaration, was and now is the wife of the said Garard D. Jones, and that said Catharine C., in like manner then was and now is the wife of the said David T. Jameson, and that all of them are still living.

The defendant then offered to prove, and did prove, *prima facie*, that on the 27th day of March, A. D. 1837, one Charles Higbee was seized in fee of the premises in plaintiffs' declaration mentioned, and had always been so seized from the year 1833 till after the commencement of this suit, subject to the lease hereinafter stated, and that on said day, the said Higbee executed unto one James A. King, said Thomas C. King and the defendant, Wm. L. King, a lease and demise in writing, of the said premises, for the term of ninety-nine years, from and after said day (the said Kings signing said lease, and thereby covenanting to pay a certain yearly rent therefor to said Higbee, and to pay the taxes thereon during the continuance of said term,) and read the said lease in evidence, and proved that up to the time of the execution of said lease, the said premises had never been occupied, and that shortly after the execution of said lease, the said Kings, under and by virtue of the same, entered into possession of said premises, and all three continued to claim said premises by virtue of said lease, and no other way so far as the witnesses knew, till the execution of said deed from the said William and James to the said Thomas, and that said Thomas continued in possession of the same till his death.

The defendant then proved by one Rice and one Jasper, that since the year 1837, they had been well acquainted with the said Thomas, William and James, and were familiar with their

business transactions, and that neither of them ever claimed to have any right or interest in or to said premises, except such as they derived under and by virtue of the said lease from the said Higbee, so far as they knew; that said Kings were brothers, and for some ten years next preceding his death the said Thomas had paid the rent reserved by said lease to the said Rice, as the agent of the said Higbee, and that the said Jasper, from the time possession of said premises was taken by the said Kings till the said James and William executed the aforesaid deed to the said Thomas, was clerk of the said Kings, who were partners in business on said premises, and as such clerk often paid the rent due on said lease for them. And that from the year 1842 till the death of the said Thomas, the said Jasper had, as a partner or tenant of the said Thomas, carried on the grocery business on the said premises, and paid the rents due on said lease for him, and that during nearly all this time said Thomas had personally occupied one room in the building on said premises, and made the grocery store his common place of resort, and that he, Jasper, was very familiar with all the business transactions of said Thomas, and that if the said Thomas had any claim to said premises other than that derived from said lease, the said Jasper would have undoubtedly known it.

The defendant then offered and read in evidence, letters of administration of the estate of Thos. C. King, issued and granted by the County Court of said Adams county, to the defendant, in due form of law, and dated the first day of May, A. D. 1854.

To each and all of which evidence and proofs when respectively offered, the plaintiffs objected, but the court overruled all objections, and permitted all of said proofs to be made, and evidence of defendant to be read and heard; to the decisions of the court, admitting said evidence and proofs of defendant, the plaintiffs excepted. The plaintiffs then proved that the defendant, since the year 1856, had paid said Charles Higbee rent annually on said premises, in his own name, and not as administrator, claiming the same through said lease adversely to the heirs of said King, and that since that time defendant had occupied the same, claiming the same in his own right, and not as administrator of said Thomas C. And that since the commencement of this suit, one Jasper had purchased the reversion in said premises, and that there was an understanding between him and said defendant, that " on certain conditions" not shown, the premises were to be conveyed by Jasper to defendant, and that defendant claimed to own said leasehold interest in his individual right, at the time of the commencement of this suit, and for some time previous. The plaintiffs then offered in evidence the record of the Adams County Court of final settle-

ment of the estate of the said Thomas C. King, of the August term of said court, A. D. 1858. And also the final report of the defendant in the matter of said estate, as administrator thereof, dated the 16th day of August, 1858, and signed by the defendant, which said order, and the file mark and date on same, are as follows:

STATE OF ILLINOIS, }   In the County Court of said County,
ADAMS COUNTY.      }        August Term, A. D. 1858.

In the matter of the settlement of the estate of Thomas King, deceased. Now on this day came William L. King, administrator of the estate of Thomas C. King, deceased, and filed an account of his actings and doings as such administrator for final settlement of said estate, and thereby showed that he had collected all the available assets of said estate, and paid all the debts and the expenses of the settlement of the same, and paid over the residue of said estate to the proper legal representatives of the same, and also brought into court and filed with the clerk thereof, certain notes reported by him as worthless, which notes are described in his report as all the unavailable assets thereof, and this cause now coming on for hearing on said report, and the evidence adduced in support thereof, and the same appearing in all respect regular, and all the items of charge therein having been proved to be just and reasonable, the court doth allow the same, and approve and confirm said report; and it also appearing to the court that the said administrator has made full and complete administration of all·the available assets of said estate, there remaining only the worthless assets in said report mentioned, it is further ordered that said notes in said report mentioned, remain with the clerk of this court for the benefit of the legal representatives of said deceased, and that said administrator be henceforth discharged from any further action or duties in the premises.

                          WM. H. CATHER, County Judge.
Filed Aug. 16th, 1858.

The final report of the defendant as administrator of Thomas C. King, consists of items of account, etc., assets, filed as worthless; states that defendant as administrator has paid all debts of the estate, and cost of administration; purports to be a final report, and is signed by the defendant, and dated August 16, 1858.

The plaintiffs offered to make proof of said order and report, as made and procured by the defendant. The defendant objected to the reading of said order and report, which objection the court sustained, and the plaintiffs excepted.

The errors assigned are, that

The court admitted improper evidence on the part of the defendant.

The court admitted evidence in avoidance of an estoppel by deed.

The court refused to admit proper evidence on the part of the plaintiffs.

The court erred in refusing to grant a new trial.

The court erred in rendering judgment for defendant.

SKINNER, BENNESON & MARSH, for Plaintiffs in Error.

WHEAT & GROVER, and BROWNING & BUSHNELL, for Defendant in Error.

BREESE, J.   The important question in this case is, do the covenants of the defendant in error, in his deed to the ancestor of the plaintiffs, estop him from setting up title to the premises conveyed by the deed, and now in controversy.

It appears by the record that the deed executed by the defendant to the plaintiffs' ancestor is a general warrantee deed. The *habendum* clause is as follows : " To have and to hold the aforesaid tract of land or lot of ground, together with all and singular the appurtenances, etc., to the only proper use, benefit and behoof of the said Thomas C. King, his heirs and assigns forever."   This is conclusive as to the estate granted, (4 Kent's Com. 468,) and is important to be inserted in a deed, if, in the premises, the quantity, or extent of the estate granted, is omitted.   But if the premises, or granting part of the deed, describes the extent of the estate, the *habendum* is useless—it is of no importance whatever.   A fee simple estate was granted by the deed, the title to which the defendant covenanted to warrant and defend, against the claims of all persons whomsoever, so that it is not now in his power to deny that the plaintiffs, the heirs at law of defendant's grantee and warrantee, are not seized in fee of the lot of ground.   We understand it to be a well settled principle of the common law, that if one conveys lands, or other real estate, with a covenant of general warranty against all lawful claims and demands, he cannot be allowed to set up, against his grantor or those claiming under him, any title he himself may subsequently acquire from another, by purchase or otherwise.   Such new title will enure, by way of estoppel, to the use and benefit of his grantee, his heirs or assigns.   This principle is founded in equity and justice, for it is not just that a party should be permitted to hold, or recover an estate, in violation of his own covenant.   And the policy is wise also, for it represses litigation.   If the grantor could re-

cover the premises on an after acquired title, the grantee, in his turn, would be entitled to an action against the grantor to recover back the purchase money and interest. By estopping him by his deed, a multiplicity of suits is prevented, and equal justice done.

We can conceive no position in which the defendant can place himself, in respect to these premises, by way of a valid claim to them, except by purchase or grant from the heirs of his grantee, the plaintiffs in this suit, unless it might be by judicial sale for taxes or otherwise. As the case stands, he is completely estopped. But it is said the parties to the deed, grantors and grantees, were not dealing with the fee in the land, but the one was selling and the other buying a leasehold estate only, and that was all the plaintiffs' ancestor took by the deed. This the defendant cannot aver against his deed. That deals with and conveys a fee. Though the estate be in fact for a term of years only, still the administrator is estopped from so averring, because he, as a grantor of the premises, has assumed to convey a fee, and he cannot now claim that the estate is less than a fee. It was sold and conveyed by him as a fee, the title to which as a fee he undertook to warrant and forever defend. Even if he sold the property as administrator of the ancestor of the plaintiffs, and conveyed a title to the purchaser, it was his duty to acquire the title to answer his own covenant, and if he did purchase it, such purchase would be presumed to have been made for such purpose, and the title he thus acquired, would enure to the benefit of the plaintiffs, the heirs at law of his grantee. He can never aver against his own deed, that the estate he conveyed to their ancestor was not a fee simple estate.

The authorities are full to these points. *Trevivan* v. *Lawrence et al.*, 1 Salkeld, 276; *White* v. *Potter*, 24 Pick. 326; *Somes* v. *Skinner*, 3 ib. 51; 4 Kent's Com. 98; *Bush* v. *Person, Adm'r*, 18 Howard, 82.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

*Judgment reversed.*