EDWARD P. KNOWLES v. ALVA CARPENTER.

A mortgage debt is not released, nor a mortgage discharged, by a release from the mortgagee to a purchaser of the mortgaged estate, (in whose deed is contained an agreement that the grantee shall assume and pay the mortgage debt,) of all claims and demands arising by virtue of that agreement.

A covenant of indemnity to the purchaser and his assigns, contained in such release, does not extend to a grantee of that purchaser, he not being a party to said agreement.

Such a release does not operate by way of estoppel for the protection of a subsequent purchaser, who takes the estate subject to the mortgage.

Rule re-affirmed, that when a mortgage and an equity of redemption become vested in the same party, the mortgage will be extinguished or not according to the intention of the party, and in the absence of other evidence, this will be presumed to correspond with his interest.

This rule not varied in its application by the fact, that the mortgage includes other estates, of which the mortgagee is not the owner of the equity of redemption.

THIS is an action of ejectment, tried without briefs, upon an agreed statement of facts, fully set forth in the opinion of the Court.

*Browne & Van Slyck, for plaintiff.*

*Markland & Rogers, for defendant.*

DURFEE, J. This is an action of trespass and ejectment, in which the plaintiff seeks to recover possession of two lots of land which are described in the declaration. The defendant, who at one time occupied the premises as the tenant of the plaintiff, and afterwards attorned to one Ephraim Ide, defends against the action as the tenant of Ephraim Ide, asserting in him a title superior to that of the plaintiff.

The premises formerly belonged to Nelson C. Northup, who on the 13th of August, 1856, mortgaged them and other lands, with full covenants of warranty, to Ephraim Ide, to secure the payment of a note for $1,400, payable one year from date. On the 8th of November, 1856, the said Nelson C. Northup conveyed the premises to Benjamin H. Hadley by deed, containing the following words, inserted immediately after the de-

scription, to wit: " Said premises are subject to a mortgage heretofore made by me, the said Nelson C. Northup, to one Ephraim Ide, bearing date August 13th, A. D. 1856, to secure the payment of the sum of fourteen hundred dollars and interest, the payment of which said sum is assumed by this grantee as a further consideration of this deed." This deed, as also the aforesaid mortgage, were duly recorded.

On the 14th of February, 1857, Benjamin H. Hadley mortgaged the premises, with power of sale and full covenants of warranty, to the plaintiff, to secure the payment of a note for $2,303 00.

On the 5th of June, 1861, Benjamin H. Hadley made an assignment of all his property to one Albert G. Utley for the benefit of his creditors, giving preferences, and stipulating for a release. On the twenty-first day of June, 1861, four of the creditors of Benj. H. Hadley, two of whom were the plaintiff and Ephraim Ide, in consideration of said preferences, &c., released " to the said Benjamin H. Hadley all claims and demands which we respectively have against him, excepting only the interest which we may have in the proceeds of the sale of any real estate or personal property and improvements thereon which we may severally have by virtue of any mortgage made by said Benjamin H. Hadley."

On the 11th of March, 1862, the said Albert G. Utley, quitclaimed the premises to Ephraim Ide, and Ephraim Ide, in con sideration thereof, on the same day executed a release in favor of Benjamin H. Hadley, containing the following, to wit :—

" I hereby release and discharge the said Benjamin H. Hadley, his executors, administrators and assigns, from all claim and demand, of whatever nature, which I may have against him by virtue of any agreement of said Hadley to assume a debt of said Nelson C. Northup, due me the said Ephraim Ide, of fourteen hundred dollars and interest, contained in said deed of Nelson C. Northup to said Benjamin H. Hadley, dated November 8th, 1856 ; and I hereby agree to hold said Benjamin H. Hadley, his executors, administrators and assigns, harmless, and indemnify him and them against any and every claim or demand

of whatever nature, and by whomsoever brought against said Hadley, his heirs, executors, administrators or assigns, by virtue of said agreement, to assume the payment of said sum of fourteen hundred dollars and interest, which was named in said deed of Nelson C. Northup to said Hadley, as a part of the consideration thereof."

Immediately after receiving from Albert G. Utley the quitclaim deed aforesaid, Ephraim Ide entered into possession of the premises, and let them to the defendant as his tenant.

On the 12th of December, 1865, the plaintiff, under the power of sale in his mortgage, sold and conveyed the premises to the defendant, who immediately, by quitclaim deed, re-conveyed to the plaintiff, and agreed to occupy, as the tenant of the plaintiff, at the rent theretofore paid to Ephraim Ide.

Subsequently the defendant refused to pay the rent to the plaintiff, and has attorned to Ephraim Ide and paid the rent to him.

The court, on a previous hearing, has decided that the defendant, having attorned to Ephraim Ide, may set up Ide's title in defence to the action of the plaintiff, notwithstanding the relation of tenant which he formerly sustained to the plaintiff.

The title which the defendant sets up in Ephraim Ide, is that which he holds under his mortgage from Nelson C. Northup, which being anterior in date to that of the plaintiff is, if still in force, superior to that of the plaintiff, and therefore available to the defendant in bar of the action. *Kimball* v. *Lockwood & Smith*, 6 R. I. R. 138. We are therefore to inquire whether, as against the premises in controversy, the mortgage is still outstanding and susceptible of enforcement.

The plaintiff contends that the mortgage has ceased to be of force, on the two grounds, *first*, that the mortgage debt has been released; and, *second*, that the mortgage has merged in the equity of redemption, by the union of the two titles in Ephraim Ide. We will consider the two grounds in the order in which we have stated them.

*First*, as to the release. There are two releases—that of June 21st, 1861, and that of March 11th, 1862. The latter, which is

the more important, is a release by Ephraim Ide " of Benjamin H. Hadley, his executors, administrators and assigns, from all claims and demands of whatever nature which I may have, by virtue of any agreement of said Hadley to assume a debt of said N. C. Northup," &c., (describing the mortgage debt due to Ide,)—that is to say, it is a release of " all claim and demand " which Ephraim Ide may have "by virtue of" that "agreement," and not, in express terms, a release of the mortgage debt at all.    That debt, and the mortgage securing it, existed as a personal claim against Northup, and as a lien upon the mortgaged estates, before the said agreement was executed.  The said agreement was an agreement between Northup and Hadley, Ide being no party to it, and, therefore, if it could give him any claim at all against Hadley, (which we need not decide,) it would be simply a claim in addition to the debt and mortgage, and not by way of substitution for them.   Consequently a release of the claim would be no more than a release of Hadley from his personal liability to the releasor, and would leave the debt and mortgage, as to Ide, exactly the same as they were before the agreement creating the claim had an existence.

The so-called release, however, is not simply a release.   It contains a stipulation on the part of Ide to hold harmless and indemnify the said " B. H. Hadley, his executors, administrators and assigns " against any claim or demand " by whomsoever brought " against him or them " by virtue of said agreement."   Here, too, a limit is marked, beyond which the clause does not reach.   It extends to claims and demands by virtue of said agreement by whomsoever brought, and to none other. By virtue of that agreement no one can bring any claim or demand against Hadley on account of the mortgage to Ide, or for its payment, except either Northup's, or Ide himself; and to the plaintiff, therefore, who cannot bring any such claim or demand, the clause affords no protection.   We are asked to infer from the use of the word " assigns," in both clauses of the release, that the plaintiff, who is an assign or grantee of Hadley, is within the scope of the release ; but, unfortunately for this view, the " assigns " there mentioned are protected only from claim

or demand by virtue of the agreement aforesaid ; and the mortgage, having an existence, entirely distinct from the agreement, and earlier in origin, is no such claim or demand.   We do not, therefore, see that the release has any direct operation in favor of the plaintiff.

It has been suggested, that though the release may not operate directly to discharge the premises of the mortgage, it may indirectly, by way of estoppel, to prevent circuity of action. We have just seen that neither clause of the release extends to any claim or demand, except such as may be made by virtue of the so called agreement to assume the mortgage debt.   The only person who can make any claim or demand by virtue of that agreement, except Ide himself, is Nelson C. Northup, the party for whose benefit it was inserted in the deed.   But Nelson C. Northup can make such claim or demand, only in case he is himself first obliged to pay the mortgage debt; or rather, to confine the contingency to the question before us, only in case he can be obliged to pay it to relieve the premises of the mortgage for the plaintiff.   But the premises came to the plaintiff expressly subject to the mortgage; for Nelson C. Northup conveyed them to Benjamin H. Hadley, subject to the mortgage, Hadley assuming the mortgage debt in part consideration of the deed ; and this condition of the grant, being inserted in the deed, would bind the premises in the hands of every subsequent grantee for the benefit of Northup.   The plaintiff, therefore, if obliged to pay off the mortgage, can have no claim upon Northup for indemnity ; for in paying off the mortgage he simply performs the condition in favor of the said Northup, subject to which he succeeded to the mortgage estate.   *Ferris* v. *Crawford,* 2 Denio. R. 595 ; *Blyn* v.*Monholland,* 2 Sandf. Ch. R. 478 ; *Cumberland* v. *Codrington,* 3 Johns. Ch. R. 229 ; *Waring* v. *Ward,* 7 Ves. p. 339.   We therefore do not think the said release has established any such connection, or sequence of interlinking liabilities, between the plaintiff and Ide, as can ultimately subject Ide to make restitution for the enforcement of his mortgage against the premises in controversy, and consequently do not think the said release can operate to discharge

the premises of the mortgage by way of estoppel, to prevent circuity of action.

If the release of March 11th, 1862, is ineffectual to discharge the premises of the mortgage to Ide, still less can the mere general release of June 21st, 1861, made by Ide and other creditors of Hadley, be deemed effectual to that end.

The counsel for the plaintiff calls attention to the fact that the mortgage from Hadley to the plaintiff contains full covenants of warranty. These, if still subsisting, will doubtless entitle the plaintiff to recover from Hadley the damage to his estate which he may suffer in consequence of the mortgage; but we do not see that they can have any further effect. They do not bind Ephraim Ide, either directly in themselves, or indirectly, through the release; not directly, for Ide is not a party to them; not indirectly through the release, for the release has no application to any claim or demand except such as may be made by virtue of the agreement in the deed from Northup to Hadley.

*Second,*—as to the merger. The rule of law on this subject, as declared in numerous decisions, is that where the mortgage and the equity of redemption become vested in the same owner, the mortgage will be extinguished or not, according to his intention, which, in the absence of positive evidence, will be presumed to correspond with his interest. *Forbes* v. *Moffatt,* 18 Ves. R. 384; *James* v. *Mowrey,* 2 Cowen, R. 246; *Gibson* v. *Crehore,* 3 Pick. R. 475; *Bell* v. *Woodward,* 34 N. H. R. 90; *Mallory* v. *Hitchcock,* 29 Conn. 127; *Van Wagenen* v. *Brown,* 2 Dutch. R. 196. In this case there is no evidence of any intention on the part of Ephraim Ide to have the mortgage extinguished, and it is plainly for his interest to keep it outstanding, because of the protection which it affords against the subsequent mortgage of the plaintiff. *Loud* v. *Lane and another,* 8 Met. R. 577; *New England Jewelry Co.* v. *Merriam,* 2 Allen, R. 390; *Evans* v. *Kimball,* 1 Allen R. 240.

The plaintiff, however, claims that justice requires an extinguishment of the mortgage, as to the premises which he seeks to recover; and that, therefore, we ought not to presume its

non-extinguishment. He rests this claim upon the ground that the Ide mortgage by its terms covers other lands to which Ide can resort for the satisfaction of his debt; whereas the plaintiff has no security for his claim except the premises in controversy. The claim assumes that those other lands are still subject to the mortgage in favor of Ide, and that these are not to be primarily charged as against the plaintiff under the deed from Northup to Hadley; and if this assumption be correct, it may be a reason in equity for requiring Ide to resort to the other lands for the satisfaction of his debt before resorting to the lands upon which the plaintiff is secured; or for securing to the plaintiff a like benefit by process of subrogation; but we do not think it a sufficient reason for presuming an extinguishment of the said mortgage as respects the lands upon which the plaintiff is secured. In case of the insufficiency of the other lands, Ide might, with entire justice, resort to these, so far as necessary, for the satisfaction of his debt.

The plaintiff also urges in this connection, that Ide has, so far as he is concerned, at least equitably released the mortgage debt. But, as has already appeared, we do not agree with the plaintiff in this view of the effect of the release.

For these reasons we do not think the mortgage to Ephraim Ide has ceased to be of force, either by release or merger, and we therefore give judgment for the defendant.