CHARLOTTE R. DODGE *et al.* *vs.* JOHN W. HOGAN *et als.*

The pendency of a bill for partition of land suggesting reasons for a sale and reciting that two undivided thirds of the land is subject to a charge for the support of one of the respondents, and praying for a division of the proceeds of the sale, if a sale should be ordered, in such manner as the court shall determine, is no bar to a bill brought by that respondent against the other parties for the specific purpose of enforcing the charge.

A testatrix devised two undivided thirds of all her real estate consisting of three parcels of land to her husband in fee, and one undivided third to their five children in fee, and charged her husband's share with the support of three of the other devisees, viz., their two daughters C. and S. and their son W., until such time as each of the daughters should be married, when the charge as to them should cease, and until such time as W. should engage in business or learn a trade from which he should derive sufficient income to support himself comfortably according to his station in life, when the charge as to him should cease.

One of the parcels of land devised was sold under a power of sale contained in a mortgage made by all of the devisees. The mortgage deed conveyed the land itself and not merely the grantors' interest therein, and contained the usual covenants of warranty and for quiet enjoyment:

*Held*, that the beneficiaries under the charge were estopped by their covenants from enforcing the charge against the land sold under the mortgage.

*Held*, further, that while the effect of the mortgage and covenants was to release the mortgaged land from the lien of the charge, the lien was not thereby extinguished as to all of the land charged but was left to rest on the remaining two parcels.

The husband of the testatrix died intestate and his share in the remaining two parcels of land descended to the children:

*Held*, that the charge was not merged in the fee in their respective shares which the beneficiaries inherited from their father.

W. never engaged in business or learned a trade from which he derived a comfortable support. He was supported by his father until the latter's death, March 28, 1888, after which time he never received anything for his support under the charge, nor had he ever made any demand therefor from the owners of the land prior to October 9, 1893, when he preferred a petition for leave to intervene in a suit brought by C. to enforce the charge in her favor. The petition having been granted, W. filed his bill in C.'s suit as a complainant, December 1, 1893, to enforce the charge in his favor:

*Held*, that W.'s right to enforce the charge was not barred by the statute of limitations, *first*, because the charge was a continuing one until the happening of the event which was to terminate it, and, *second*, because, there had been no breach of duty to provide for W.'s support prior to the death of his father, March 28, 1888, which was within six years before the date of the filing of W.'s bill.

*Held*, further, that no demand having been made on the owners of the land by W., the allowance made by the court for W.'s support under the charge should begin to run only from the date of the filing of his petition to intervene.

After the death of his father, W. conveyed his undivided share—being nine sixtieths—of the remaining two parcels of land by a deed with covenants of warranty and for quiet enjoyment:

*Held*, that W. being estopped from enforcing the charge against the owners of the nine sixtieths, the amount to be allowed for his support should be proportionally smaller, and as thus ascertained should be paid by the owners of the two parcels other than the holders of the nine sixtieths.

BILL IN EQUITY to enforce a charge on realty.

Charlotte R. Dodge by her guardian filed her bill, No. 3438 on the equity docket of the court, January 25, 1893, against John W. Hogan and others to enforce a charge on real estate under the third clause of the will of her mother Charlotte D. Dodge, which clause is set forth in the opinion of the court, *infra*, p. 8. To this bill the respondents interposed a plea of the pendency of a bill, No. 3367, on the equity docket, for a partition of the land brought by the respondent Hogan against Charlotte R. Dodge and the other respondents to her bill.

The cause was then heard on the sufficiency of the plea.

*March* 10, 1893. MATTESON, C. J. The court is of the opinion that the plea should be overruled.

The bill in 3367 is simply a bill for partition of the land therein described, setting forth that by reason of the size of the lot and the location and character of the buildings on it, it cannot be divided by metes and bounds without great and disproportionate injury to its owners and depreciation in value of their several rights and interests therein; it prays also, besides partition, for the appointment of an *ad interim* receiver to care for and manage the estate. It is true that it recites the fact that two undivided thirds of the land of which partition is sought is subject to a charge for the support of Charlotte R. Dodge, but it prays for no specific determination of the rights of said Charlotte with reference to such charge, but only for a division of the proceeds of the sale, in case the court should order partition by sale, among the respondents to the bill in such manner as the court shall determine and decree. There is no suggestion that the receiver, when appointed, shall apply any portion of the income of the property to the support of the said Charlotte.

The bill in 3438 is brought by said Charlotte to determine the amount she is entitled to under the charge, the manner in which it shall be paid, and also for an order directing and enforcing the payment, while the charge exists.

The two suits, it is evident, are for different purposes. The former does not necessarily embrace the matters which

form the subject of the latter. The complainant is entitled to support out of the two thirds of the land charged therewith, whoever may be the owner. Partition by sale may be made subject to the charge.

The respondents then filed their answers. October 9, 1893, Walter C. Dodge, also a beneficiary under the charge created by the will of Charlotte D. Dodge, preferred a petition for leave to intervene in the suit of Charlotte R. Dodge, and, the petition being granted, filed a bill by his next friend, December 1, 1893, as a party complainant in the suit, to enforce the charge in his favor. The respondents filed answers thereto in which they each set up a plea of the statute of limitations. The plea was overruled, and after further argument, the following decision rendered.

*June* 1. 1894. PER CURIAM. After the filing of our rescript of March 21, 1894, counsel for the respondents, deeming that the court had misapprehended their position, asked leave to be further heard on the question raised by their plea of the statute of limitations, and leave having been granted, filed on or about April 7, 1894, an additional brief.

The argument of the respondents proceeds on the theory that the effect of the devise in the third clause of the will of Charlotte D. Dodge was merely to impose a personal duty on her husband, Christopher G. Dodge, as the devisee of the two thirds of the real estate devised to him; and that nineteen years having elapsed since the death of the testatrix, and the intervenor having taken no steps to enforce the claim against his father, it is now too late for him to take advantage of the charge. They contend that a devise "subject to a charge" does not create an express trust; that the provision in the charge is indefinite and indeterminate, and, hence, that until its amount or extent has been determined, it is a mere executory demand; that as a mere executory demand would be barred by the statute of limitations at law, equity following the analogy of the law will not enforce it.

The respondents' contention is based on a misconception of the effect of the devise which not only created a personal duty to be performed by the devisee, his heirs and assigns,

but secured the performance of that duty by a charge on the two thirds of the real estate devised. That duty was to continue until such time as the intervenor, who is, it is alleged, of feeble mind, should have engaged in business or learned a trade from which he should derive sufficient income for his comfortable support according to his station in life. The duty being a continuing duty, we think that the charge should be construed as coextensive with the duty and, therefore, as a continuing charge so long as the duty continues. The father of the intervenor performed the duty while he lived and there was, therefore, no occasion for the intervenor to resort to the charge. Since the death of the father on March 28, 1888, the duty has been unperformed. Consequently the intervenor, having obtained leave of the court came into the suit on December 1, 1893, less than six years after the breach of the duty began, and seeks now to enforce the charge for the period which has elapsed since his father's death.

We see no reason for changing the conclusion announced in our former rescript that the plea of the statute of limitation should be overruled.

The cause was then heard on bill, answers and proofs.

*March* 7, 1895. MATTESON, C. J. This is a bill to ascertain the amounts to be allowed the complainants for their support under an alleged charge on certain real estate and to enforce the payment of the amounts so ascertained. The case is as follows: Charlotte D. Dodge, the mother of the complainants Charlotte R. Dodge and Walter C. Dodge, died in Providence, on November 11, 1875, leaving a last will and testament, the third clause of which is as follows:

"I give and bequeath all the real estate of which I die seized and possessed and to me belonging at my decease, to and unto my said husband Christopher G. Dodge, and my children Mary E. Slocum wife of Nathaniel W. Slocum of Medford, Massachusetts, Charlotte R. Dodge, Sarah A. Dodge, Walter C. Dodge, Ida E. Burr, wife of George Burr of said city of Providence, (the whole being subject to the tenancy by the curtesy of my said husband) in the following propor-

tions : Two thirds undivided of said real estate to my said husband and one undivided third thereof to my said children, to have and to hold said real estate subject to said tenancy by the curtesy to my said husband and my said children in the proportions and in the manner specified as aforesaid, their heirs and assigns forever : the two thirds devised to my said husband being, however, subject to the charge of providing a suitable and comfortable support for my two daughters, Charlotte R. Dodge and Sarah A. Dodge until such time as each of them shall be married, when and whereupon said charge as to them shall cease and determine : and also until such time as my son Walter C. Dodge shall engage in business, or shall learn a trade, from which business or trade he shall derive sufficient income to maintain and support himself comfortably according to his station in life, said two thirds of my real estate so given and devised to my said husband shall be charged for his support, and when my said son shall have the income aforesaid, derived in manner aforesaid then said charge on said real estate shall as to him also cease and determine."

At her decease the testatrix was seized and possessed of two parcels of real estate situated in Providence and particularly described in the bill, on which the complainants seek to enforce the charge. These two parcels are, 1, a lot of land, with the buildings and improvements thereon, between Fountain and Worcester streets on the westerly side of Union street, estimated to contain three thousand five hundred forty-five square feet, and, 2, two lots of land, with the buildings and improvements thereon, situated on the southeastly corner of Holden and Jewett streets, numbered respectively 33 and 34 on the Plat of the Holden Estate, &c., by Cushing & Farnum, 1850. Lot 33 of this second parcel was subject to a mortgage for $600. Besides these two parcels, the testatrix at her decease was seized and possessed of another lot of land with the buildings and improvements thereon situated on Dodge street in Providence, which was mortgaged by the devisees named in the third clause of the will, on March 14, 1879, to Charles C. Weaver. The mort-

gage was foreclosed by Weaver by a sale and conveyance of the mortgaged estate, July 24, 1886, to Charles A. Cook.

Christopher G. Dodge, the husband of the testatrix and father of the complainants, died March 28, 1888. Since his decease, the respondents, John W. Hogan, John H. Coyle, George E. Tillinghast and Frank B. Hazard, have acquired by mesne conveyances from or under the several other devisees named in the third clause of the will, as such devisees and as heirs at law of said Christopher, the two parcels of land first above mentioned and are seized and possessed of the same as tenants in common in the following proportions, viz : Of the Union street estate, Hogan, twenty-three undivided sixtieths ; Coyle, twenty-eight undivided sixtieths, and Tillinghast, nine undivided sixtieths. Of the estate on the corner of Holden and Jewett streets, Coyle, twenty-eight undivided sixtieths ; Tillinghast, nine undivided sixtieths ; Hazard, twenty-three undivided sixtieths.

Sarah A. Dodge, named in the said third clause of the will with the complainants as a beneficiary, married within a year or two after her mother's death and thereupon ceased to be entitled to the benefit of the charge.

The complainant, Charlotte, has never been married and for a number of years has been of unsound mind. Since October 1, 1892, no portion of the rents or income of the estates sought to be charged has been applied to her support by the respondents though demand on them in her behalf has been made therefor ; nor have the respondents made any provision for her support out of the estates.

The complainant, Walter, has never engaged in business or learned a trade from which trade or business he has derived a comfortable support. He is mentally and physically weak and is incapable by reason thereof of obtaining and retaining steady employment. In May following his father's death he executed and delivered to one George W. Hubbard a warranty deed of his share in the real estate devised in the third clause of his mother's will for about three hundred dollars, though the share conveyed was worth in the neighborhood of three thousand dollars. After the money received

from Hubbard was gone, his sister Mrs. Slocum procured employment for him at different times, but he was unable to retain his positions, partly on account of his health and partly because his services were not satisfactory to his employers. He then took up the peddling of small articles, such as writing paper, envelopes, court plaster, &c., from house to house, by which means he has for several years earned small sums of money, but not enough for his support, for which to a considerable extent he has been dependent on others. He has received no portion of the rents or income of the estates sought to be charged since the respondents acquired the title thereto; and it does not appear that any demand therefor has been made on the respondents prior to his obtaining leave to intervene and become a complainant in this suit.

Both Charlotte and Walter are in a situation entitling them to the benefit of the charge if it is enforceable. The respondents contend that it is not. They base their defence in part on the assumption that the will created a strict rent charge, and that as Charlotte and Walter both joined in the mortgage to Weaver of the Dodge street estate which was one of the parcels of land subject to the charge, and this parcel was afterwards sold under the power contained in the mortgage and thereby released from the charge, the charge not being apportionable was extinguished as to all the other parcels. 2 Washburn, Real Property, 5th ed. 301.

A rent is defined as the right to the periodical receipt of money, or money's worth, in respect of land held in possession, reversion or remainder by him from whom the payment is due. 2 Washburn, Real Property, 5th ed. 284. This definition implies a fixed sum, or property amounting to a fixed sum, to be paid at stated times. A rent is regarded as an interest or estate in land which may be the subject of a grant and which may be created in fee, for life, or for years; if it be in fee or fee tail, it is subject to the incidents of curtesy and dower. 2 Washburn, Real Property, 5th ed. 287, 288. A moment's consideration will suffice to show that the charge for the support of the complainants has nothing in common with a rent, except that it is charged on real estate.

In the first place, it is not a fixed amount nor is it required to be paid periodically. In the second place, it is not an estate which can be granted to another. It is rather an equitable charge or lien which appertains to the beneficiary personally and to him alone. Tiedeman, Real Property, § 647; *Clapp* v. *Clapp*, 6 R. I. 129; *Jordan* v. *Donahue*, 12 R. I. 199; *Willett* v. *Carroll*, 13 Md. 459; *Luckett* v. *White*, 10 Gill & J. 480; *Gardenville Permanent Loan Association* v. *Walker*, 52 Md. 452; *Ripple* v. *Ripple*, 1 Rawle, 386; *Rhodes* v. *Rhodes*, 88 Ill. 139.

The respondents further contend that the bill ought not to be maintained because it seeks to charge only the Union street estate and the Holden and Jewett street estate and does not include the Dodge street estate which was originally included in the charge, but which was mortgaged as already stated, Charlotte and Walter joining in the mortgage, and sold under the power contained in the mortgage. This objection to the maintenance of the bill cannot avail. The mortgage referred to conveyed, not merely the right, title and interest of the mortgagors, but the estate itself. It contained the usual covenants for quiet enjoyment and of warranty which extended to the entire estate. By the covenant for quiet enjoyment, the mortgagors agreed that the mortgagee, his heirs and assigns, should, and might from time to time, and at all times forever thereafter, lawfully, peaceably and quietly have, use, occupy, possess and enjoy the demised and bargained premises, that is the mortgaged estate, with the appurtenances, free and clear and freely and clearly acquitted, exonerated and discharged of and from all and all manner of former and other gifts, grants, bargains, sales, leases, mortgages, wills, entails, jointures, dowries, judgments, executions and *encumbrances* of what name or nature soever, that might in any measure or degree obstruct or make void the mortgage deed. By the covenant of warranty, they engaged the demised premises, the mortgaged estate, to the mortgagee, his heirs and assigns, against the lawful claims and demands of any person or persons whatsoever forever to warrant, secure and defend. These covenants were cove-

nants running with the land and would therefore be available, in case of a breach, not only to the mortgagee, but to the purchaser under the mortgage or his grantees.   If the complainants were permitted to enforce the charge against the Dodge street estate they would thereby render themselves liable to suit on their covenants above recited by the owner of the estate to make good the damage sustained from the enforcement of the charge.   The prevention of this circuity of action is the foundation of the principle of estoppel, which precludes a person from asserting any claim or title in derogation of his covenants.   *Jackson* v. *Bradford*, 4 Wend. 619, 622; *Jones* v. *King*, 25 Ill. 383; *Kerngood* v. *Davis*, 21 S. C. 183, 209.   Bigelow on Estoppel, 2d ed. 289, 301. Tiedeman, Real Property, § 728.   If therefore, the complainants were to attempt to establish their lien under the charge on the Dodge street estate they would be held to be estopped from so doing, and, consequently, the effect of the mortgage containing the covenants recited was to release that estate from the lien of the charge and to leave the charge to rest on the two remaining parcels.

The respondents take the further point that inasmuch as the complainants took by descent from their father an undivided five sixtieths each of the two thirds of the real estate which remained at his death, subject to the charge, the charge is not enforceable because it was merged in their absolute ownership of the fee.   The point is untenable.   The charge in favor of the complainants cannot extend beyond their lives at the longest, while the estates taken by them by descent were in fee.   The charge and the estate acquired by descent are, therefore, not coextensive and commensurate. When such is the case, though a merger takes place at law, it is not the necessary result in equity.   Equity will not permit a merger except in accordance with the intention of the acquirer of the two interests or estates, and if he has expressed no intention will look to the circumstances of the transaction to ascertain what is for his advantage and will presume his intention to be in accordance therewith.   2 Pomeroy, Eq. Jur. §§ 787–791.   *Knowles* v. *Carpenter*, 8

R. I. 548, 553; *Duffy* v. *McGuinness*, 13 R. I. 595; *McGale* v. *McGale*, 18 R. I. 675. It was clearly for the advantage of the complainants that the charge should be kept alive and, hence, the merger suggested did not take place.

It is conceded that the respondents purchased the estates with notice of the charge.

We are of the opinion that the charge is enforceable, and after due consideration of the circumstances we have fixed the sum to be allowed to Charlotte at five hundred dollars a year, to begin from the time when demand in her behalf was made on the respondents; and the sum to be allowed in favor of Walter at four hundred dollars a year. As, however, Walter, by his deed dated May 18, 1888, conveyed to Hubbard as before stated his nine sixtieths of the two parcels of land, and as his deed contained covenants for quiet enjoyment and of warranty in the same form as those which were contained in the mortgage of the Dodge street property, he is estopped thereby from claiming from the respondents holding these nine sixtieths that proportion of the four hundred dollars, to wit, sixty dollars, so that the amount to be paid under the allowance is reduced to three hundred forty dollars a year to be paid by the respondents other than the holders of said nine sixtieths. No demand on the respondents having been made by Walter or in his behalf, the payment on his account will begin from the date of the filing of his petition to intervene in the suit.

The ownership of the two parcels of land charged not being in the same respondents, the sums allowed must be apportioned between the two parcels. The data before the court is insufficient to enable us to make the apportionment. If the respondents are unable to agree, we will hear them on the question.

*Albert R. Greene,* for complainant Charlotte R. Dodge.

*Irving Champlin & Warren R. Perce,* for intervenor Walter C. Dodge.

*William H. Greene, Patrick J. McCarthy & John W. Hogan,* for different respondents.