.Chief Justice Robertson
delivered the Opinion of the Court.
John Mitchell, by his last will, published and admitted to record in 1830, after devising his whole estate to his surviving wife during her life, made (among others not now material,) the following bequests:—“It is further “ my will that, after the death of my beloved wife, the « houses I own on second street shall be rented out for “ four years—one half the rent to be given to my daugh- “ ter Elizabeth, and the other half to be divided between “ my daughters Mary and Jane—the half that I give to “ my daughter Jane, to be given to her at the discretion of “ my executors. I further will, that my daughter Jane “ shall have six dollars a year out of the rent of said hou- « ses—that is to say, her fourth part of said rent.” And it appears, from the will, that those houses were rented out at the time of the testator's death.
The widow was alone qualified as executrix, and afterwards intermarried with John Nash.
In 1835, Jane Clarke proceeded by warrant against the executrix and her husband, for rent claimed under the will, as the legacy to Jane Mitchell; and having obtained a judgment for thirty dollars, the Circuit Court, on an appeal, rendered a judgment in her favor for twenty-four dollars—to reverse which this writ of error is prosecuted.
Although the intention of the testator respecting his daughter Jane, is not perfectly clear, yet a proper and consistent interpretation of the foregoing extracts authorizes the deduction, that he intended that, in addition to her contingent interest in the rent for four years succeeding the death of his wife, she should have a certain interest, to the extent of six dollars per annum, in the an. *70 nual profits of the designated houses from the time of his’ death to that of his wife. Any other construction would render the last clause in the will useless, inoperative, and inconsistent.
But, as the title to the houses was devised to his wife, the bequest to Jane, of six dollars a year, should be deemed a charge on the estate of the wife, which can be enforced against her as devisee only, and not in a court of law, but in a Court of Equity. ¿h executrix, she is not liable for the legacy charged on the land devised to her in her own right, and for her own use and in trust for Jane.
Moreover, there is no proof, that Jane Clarke, the plaintiff in the warrant, and Jane Mitchell, the legatee, are one and the same person.
Wherefore the judgment must be reversed and the-cause remanded.