A. C. MUELLER *et al.*, Respondents, *v.* THE PUTNAM FIRE INSURANCE COMPANY, Appellant.

1. *Insurance — Action on policy — Request to exhibit books, etc. — Refusal — Pleadings as to.* — In an action on an insurance policy, the condition contained in the policy, that the insured, if requested, should exhibit to the insurer, upon adjustment of loss, his books of account, invoices, etc., is not included in a general allegation by plaintiff of performance of conditions precedent to a right of recovery. Such condition can only be brought into

Mueller et al. v. The Putnam Fire Ins. Co.

the record by defendant; and if he does not tender an issue upon it, it is outside of the case. Defendant's answer having alleged demand for the books of account, etc., and refusal or neglect to exhibit them, plaintiff should deny the one or the other, or give some excuse for not complying with the demand. In such case plaintiff could not introduce evidence showing waiver by defendant of the production of books, etc., unless the waiver were pleaded in the replication.

2. *Practice, civil — Instructions — Term "gross," when should be used in.* — An instruction using the term "gross" should not be given without some explanation of its import, especially without some testimony upon which to found it.

### *Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead,* for appellant, cited 35 Mo. 453–7; 20 Barb. 468–73; 2 Comst., N. Y., 507; 4 Barb. 265–6, 270–3; Kelly v. Upton, 5 Duer, 336, 341–2; Garvey v. Fowler, 4 Sandf., N. Y., 665–7; Schultz v. Duprey, 3 Abb. Pr. 252–3; 6 Johns. 339; 2 Seld. 179, 188–9; 10 Wheat. 189; 1 Johns. Ch. 117; 1 Barb. Ch. 339; Camp's Adm'r v. Heelan, 43 Mo. 591; 10 Barb. 285; 12 Barb. 573; 7 Clarke, Iowa, 422; 8 Ind. 150; 11 Ind. 288; Ang. on Fire and Life Ins. 160, §§ 127–8, note 2; 2 Arnold on Ins. 772–3, § 287; 1 Phillips on Ins. 494, § 911; *id.* 589, § 1046; Chandler v. Worcester Mut. Fire Ins. Co., 3 Cush. 328; Citizens' Ins. Co. v. Marsh, 41 Penn. St. 386, 393–5; Cleaveland *et al.* v. Union Ins. Co., 8 Mass. 308, 320–2; Ray & Grauss v. United Ins. Co., 2 Johns. 180, 187.

*Garesche & Mead,* for respondents, cited Gates v. Madison County M. F. Ins. Co., 5 N. Y. 479, and cases cited; Columbian Ins. Co. v. Lawrence, 10 Pet. 518; St. John v. American F. Ins. Co., 4 Allen, 390; F. Ins. Co. v. Powell, 13 B. Monr. 319, and cases cited; Williams v. N. E. M. F. Ins. Co., 31 Maine, 227; Huckins v. People's F. Ins. Co., 31 N. H. 247; Merch. Mut. Ins. Co. v. Butler, 20 Md. 54; St. Louis Perpetual Ins. Co. v. Glasgow, Shaw & Larkin, 8 Mo. 720; Radde v. Ruckgate, 3 Duer, 685; Gilbert v. Ham, 12 How. 455; Bauer v. Wagner, 39 Mo. 387; Voorhies' Code, ed. 1864, p. 276, notes *b.*, *c.*, *g.*; Walton v. Walton, 17 Mo. 378; Robards v. Morrison, 20 Mo. 67; Thornton v. Rankin, 19 Mo. 193; Carpenter v. Myers, 32

Mo. 216; Mechanics' Bank v. Klein *et al.*, 33 Mo. 560; 36 Mo. 470; Singleton v. Pacific R.R., 41 Mo. 469; Carpenter v. Myers, 32 Mo. 213.

BLISS, Judge, delivered the opinion of the court.

This was a suit upon a policy of insurance issued by defendant to the assignor of plaintiffs, containing among other things a condition that the insured, if requested, should exhibit to the insurer, upon the adjustment of the loss, his books of account, invoices, etc. The policy covered the contents of a flouring mill in Perry county, occupied and run by one Schaff, the insured, consisting of flour, grain, etc., and the following are among the issues made by the pleadings.

The petition, after its description of the contract of insurance, sets forth the loss, with averments, that it did not happen from any of the causes excepted in the policy; that said Schaff duly fulfilled all the conditions of said policy of insurance on his part, and gave the defendant due notice, and furnished proof of the fire and loss, etc. The answer denied the extent of the loss, and alleged that it was the result of the gross carelessness and negligence of the insured; denied the fulfillment of the conditions of the policy; denied proper notice and exhibition of the proofs, and, among other things, set up the provision of the policy that the insured, if required, should produce their books of account, etc., for examination, and averred that they "were expressly required by the defendant to produce to him their books of account, which they neglected and refused to do." The reply put in issue all the defendant's allegations except the one concerning the requirement and neglect to produce the books of account, of which nothing was said.

The defendant claims that this omission admitted, by not traversing, the truth of the allegation, and that he should have judgment upon it; while the plaintiffs, on the other hand, insist that it was included in the general averment of performance of conditions precedent, and that defendant's allegation in

regard to it was but a denial of the performance of that particular condition.

Is the obligation, then, to produce the books such a condition precedent as, under a system of pleadings that would require such conditions and their performance to be set out in detail, should be included in them? If included, it must be proved; and is the plaintiff called upon to make any proof in regard to it until the defendant has first set up and proved the demand for the books and their refusal? This is clearly a matter of defense. The defendant, in actions of this kind, may not desire to see the books; and if he so desires he will call for them, and, if dissatisfied with their non-production, he will set it up as a defense. Until then the plaintiff has nothing to do with the question; he only avers the performance of the conditions he is called upon to prove, and is not bound, nor will he be permitted, to anticipate and disprove the defense. This condition is not, then, included in the general allegation of performance, and can only be brought into the record by the defendant; and if he does not tender an issue upon it, it is outside of the case. Defendant having alleged the demand and refusal or neglect, the plaintiffs clearly should deny one or the other, or give some excuse for not complying with the demand. I can conceive of no other way in which the facts of the case can be put in issue. The matter involved in that issue is very important in developing the actual loss, and should be fairly met both by the pleadings and evidence.

In the trial below, against the protest of defendant, evidence was offered and instructions were given to the jury upon the verbal claim that plaintiffs were excused from the production of their books when demanded; that the defendant had waived their production. The record shows no denial of defendant's answer in regard to the books, and least of all is any waiver set up. All this evidence and this instruction were outside the record, and were clearly erroneous.

The plaintiffs claim that this allegation in regard to the books was not new matter, not matter of confession and avoidance. But the answer certainly admits the insurance and loss, and claims a non-liability in consequence of a refusal to produce the

books of account. It could easily be thrown into the form of a special plea in bar, under the old practice. And the waiver is also new matter in avoidance of this part of the answer. It confesses the demand and refusal to produce the books, but alleges a previous waiver of their production by an adjustment of the amount of the loss without it. This waiver should have been pleaded, and the defendant had no reason to expect and could not be required to meet any evidence upon the subject if the issue was not made. (Kelly v. Upton, 5 Duer, 336 ; and see Thomas v. Austin, 4 Bar. 265 ; New York Con. Ins. Co. v. N. P. Ins. Co., 20 Bar. 468 ; Kelsey v. Western, 2 N. Y. 500 ; Moffatt v. Conklin, 35 Mo. 453.)

Among the errors complained of is the refusal of the court to give the following instruction for the defendants : "If the jury believe from the evidence that the fire mentioned in the plaintiffs' petition was caused by or resulted from the gross carelessness or other gross misconduct of the insured, the plaintiffs can not recover, and the verdict should be for the defendant."

It is not necessary, in this case, to consider the multitude of decisions upon this subject, and to follow the changes of the law to its present comparatively settled condition. The record is a long one, and I have examined it carefully, and I find no evidence tending to prove such gross carelessness or negligence as, of itself, would excuse the payment of the loss. "Gross" is a very strong word, and is sometimes treated as amounting to fraud, when it would clearly furnish a defense. An instruction using the term should not be given without some explanation of its import, and especially without some testimony upon which to found it. There was testimony tending to prove that the miller was absent the night of the fire ; that the mill was in charge of the insured ; that he had been intoxicated during the day ; and that it was run at an unusual rate of speed. Also, something indefinite was said about weakness in the machinery in the garret, and that the smut-mill, in which the fire originated, needed cleaning. If the law were now held that negligence in the assured or his servants would discharge the liability of the insurer, it would have been erroneous to refuse proper instructions upon the sub-

ject. But negligence being recognized as one of the things insured against, and the evidence not warranting any such charge of gross dereliction as should excuse a payment of the loss, the instruction was properly refused.

The holding of the court, however, upon the question of pleading, its permission to give evidence upon a matter material to the defendant's liability, without any reply to their allegation in regard to it, was a substantial error.

The judgment is reversed and the cause remanded for a new trial, with leave to amend. Judge Wagner concurs. Judge Currier, having been of counsel, did not sit.