Wiser v. Chesley.

ANGELO WISER Respondent, *vs.* JONATHAN CHESLEY, Appellant.

1. *Practice, civil—Instructions—Gross negligence.*—An instruction declaring that a party was responsible only for gross negligence, without defining what was in law " gross negligence," is improper.

2. *Bailment—Deposit with inn-keeper—What care required.*—An inn-keeper who gratuitously receives a deposit of valuables, is only responsible in case of their loss for gross negligence; *i. e.* for that omission of care which even the most inattentive and thoughtless never fail to take of their own concerns.

3. *Bailment—Deposit—Liability—Onus.*—A depositor makes out a *prima facie* case when he shows a deposit made, and a demand and refusal of the thing deposited. The *onus* is then upon the depositary to exonerate himself from the liability which attached when he assumed the custody of the article.

| 53 | 547 |
| 100 | 401 |
| 53 | 547 |
| 117 | 545 |
| 53 | 547 |
| 55a | 245 |
| 53 | 547 |
| 122 | 275 |
| 59a | 40 |
| 60a | 98 |
| 53 | 547 |
| 65a | 526 |
| 53 | 547 |
| 141 | 681 |
| 74a | 251 |
| 53 | 547 |
| 82a | 558 |
| 53 | 547 |
| 85a | 574 |
| 53 | 547 |
| 92a | 3 482 |

*Appeal from St. Louis Circuit Court.*

*Melville Smith,* for Appellant.

I. The burden of proof concerning negligence is not on defendant but on plaintiff. (McCarty vs. Wolf, 40 Mo., 520; 1 Smith's Lead. Cases, 421–422 (notes to 6th Ed., 1866); Harrington vs. Snyder, 3 Barb., 380; Foot vs. Storrs, 2 Barb., 327; Runyan vs. Caldwell, 7 Humph., 134; Mims vs. Michell, 1 Texas, 440; Schmidt vs. Blood, 9 Wend., 268; Story on Bailments, 225–226.)

II. Being a bailee without reward, and without any special contract, he was liable only for gross negligence, and bound only to exercise reasonable care in keeping the money. (McLean vs. Rutherford, 8 Mo., 109; Ducker vs. Barnett, 5 Mo., 97; Russell vs. Lynch, 28 Mo., 312; Tracy vs. Wood, 3 Mas., 132; · Sto. on Bail., 62–80; Jones on Bail., 82–83; Roueston vs. McClelland, 2 E. D. Smith, 61; Shiels vs. Blackburne, 1 H. Bl., 158; Foster vs. Essex Bank, 17 Mass., 479; Stanton vs. Bell, 2 Hawks, 145; Tompkins vs. Saltmarsh, 14 S. & R., 275; Monteath vs. Bissell's Admr., Wright's (Ohio), 411.)

*Garesche & Mead,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This was an action instituted before a justice of the peace by Wiser against Chesley for money alleged to have been

deposited with the latter by the former. The cause was tried anew in the Circuit Court.

The defendant at the time of the deposit was the proprietor of the St. Clair Hotel and the plaintiff a boarder there, and the evidence tended to show, that plaintiff had deposited with the clerk of the defendant the amount of money for which suit was brought; that the money had been put in the safe of the hotel, and a check as evidence of such deposit returned to plaintiff, who frequently came and obtained from one of the clerks his package of money and sometimes added thereto, and at one time took $10 therefrom, and that finally the package of money was missing and could not be found, nor was it returned to plaintiff on his demand. The evidence also tended to show, that the safe was secure, kept locked, and in the office where one of the clerks or the proprietor remained day and night; that plaintiff often obtained the package of money from one of the clerks without the presentation of his check, but that when receiving it from the other he always presented his check; that the package never could have "got out of the safe" without the knowledge of the proprietor or clerks; that in that safe were kept the money and valuables of the guests and of the proprietor, who, however, usually kept the most of his money in the bank; that no charge was made for keeping plaintiff's money; that plaintiff knew the way in which the money packages, &c., deposited in the safe, were kept; that no money package had ever been lost from the safe, and, although there was some conflict of testimony on the point, yet the evidence certainly tended very strongly to show, that the check presented by plaintiff as the token of his deposit had never been received by him from either the proprietor or his clerks, and that no check of that description had ever been kept in the house. But no objection was made, it seems, to the check when the package was demanded.

The defendant asked the court to instruct the jury as follows:

The jury are instructed, that the mere fact that the money

was lost, if they so find, in the absence of evidence of gross. negligence or fraud, does not make the defendant liable therefor."

."The jury are instructed, that the defendant was only bound to exercise reasonable care in keeping the money of the plaintiff. That he is responsible only for gross negligence or for a violation of good faith."

These instructions the court refused to give; to which ruling the defendant excepted, as well as to the action of the court in giving the following instructions in behalf of the plaintiff: "If the jury believe from the evidence, that the defendant took from the plaintiff for safe keeping the sum of $138, and did not return the same, and that the same was lost or mislaid, and that defendant did not take such care of said money as a prudent person would take of funds so entrusted to him, then the jury will find for plaintiff for the amount they find Chesley received, with interest from the commencement of this suit. What is reasonable care is a question for the jury to determine, and the burden of proof rests on defendant to show, that he did take reasonable care of said money."

The jury found for the plaintiff, and the defendant brings this case on appeal and assigns for error, the same grounds as taken in the above exceptions.

The court, I think, properly refused to instruct the jury as asked by defendant, for the reason that although the instructions may perhaps have been abstractly and theoretically correct, yet they were well calculated to mislead the jury, as they did not define what gross negligence was. (See Mueller vs. Putnam Fire Ins. Co., 45 Mo., 84.) But the court manifestly erred in giving the instructions which it gave on the part of plaintiff, as to the care which the defendant should have exercised. Chesley was but a mere depositary—a bailee without recompense or reward. The contract of bailment was entered into, not for his benefit, but for the benefit of the bailor alone. The measure of the depositary's diligence therefore was the slightest known to the law. (Sto. Bailm. §§ 23-64.) And he was responsible only for "that omission

of care which even the most inattentive and thoughtless never fail to take of their own concerns," in other words for gross negligence. (Tompkins vs. Saltmarsh, 14 S. & R., 275.) And in all mere gratuitous undertakings, whether deposits or mandates, the same general rule as to the diligence to be exercised prevails.

In Stanton vs. Bell, 2 Hawks, 145, the defendants were mandatories, and the court then held, that the charge to the jury, " that the defendants were bound to use that care and diligence which a prudent and discreet man would use relative to his affairs," was erroneous, and upon that ground the judgment was reversed. The court holding, that such a charge would only have been proper where the mandatory acted for compensation There was no error however in the latter portion of the instruction referred to—that which related to the burden of proof.

The depositor makes out a *prima facie* case, when he shows a deposit made, and a demand and refusal of the thing deposited. The *onus* is then upon the depositary to exonerate himself from the liability, which attached when he assumed the custody of the article with which he was entrusted. (See Edward's Bailm., 88; Beardslee vs. Richardson, 11 Wend., 25 ; McNabb vs. Lockhart, 18 Ga., 495.)

The judgment is reversed and the cause remanded the other Judges concur.