Solomon Musser, Appellant, *v.* Maurice Hill, Respondent.

March 23, 1885.

1. Ratification—Sale of Personal Property Owned in Common, by Co-Owner in Possession—Adoption of Sale.—Where personal property is owned in common, and is in the possession of one of two joint owners, and sale of the property is made by him to a third party ; if his co-owner upon being notified of the sale by the purchaser approves and adopts it, this will amount to a ratification of the sale.

2. Same—Case Adjudged.—Musser owned a farm and leased it to one Brink, agreeing that as to the crop to be raised they were to be the joint owners thereof. Brink, being in possession, sold a part of the crop thus owned in common to one Hill (respondent) ; there was evidence to the effect that Musser being notified of the sale by the purchaser, approved of the sale and adopted it, and the jury so found by their verdict. *Held :* The case being presented upon proper instructions, that on the issues presented, no error was committed.

3. Same—Is a Mixed Question of Law and Fact—Province of Court and Jury—Common Error.—What is a *ratification* is a mixed question of law and fact. Questions of law belong to the court. The jury should find the facts, but the court applies the law. The court should tell the jury, if they find from the evidence the existence of the facts testified to by the witnesses, they did, or did not, amount to a ratification. But if this is not done, the party deeming himself prejudiced thereby should ask the court to define the meaning of the term, or to predicate the facts, based on the evidence, which, in law, amounts to a ratification ; and if he does not, he cannot complain of an error in which he tacitly concurred.—Per Philips, P. J., in separate opinion.

Appeal from Livingston Circuit Court, Hon. J. M. Davis, Judge.

*Affirmed.*

The facts appear sufficiently stated in the opinion of the court.

Henry, Mansur & McLaughlin, for the appellant.

I. The case is brought here relying upon error in the giving of instructions, numbered 1, 2 and 3, to de-

fendant. The second instruction is in·conflict with the first and third, and·is misleading in this: That if the language and conduct of both plaintiff and defendant were such as to create a ratification of a prior unauthorized sale of the corn and hay by Brink to defendant, then an *after* notice, whether farther or prior, of a claim by plaintiff in or to the corn or hay, surely could not operate to annul or interfere with a previous contract duly ratified.—*Smith* v. *Hudson,* 4 T. R. 217; Wharton on Agency, sect. 73.

II. (1) The *burden* is on the appellee to show the ratification. (2) The person ratifying must have had knowledge of all essential facts, for otherwise, the ratification, though applicable to an assumed condition, is not applicable to that claimed to be ratified.—Wharton on Agency, sect. 66; *Nixon* v. *Palmer,* 8 N. Y. 401; *Middleton* v. *K. C., St. Jo & C. B. R. R. Co.,* 62 Mo. 581; *Cravens* v. *Gillilan,* 63 Mo. 33.

III. The court should have sustained the motion of plaintiff to strike out part of defendant's answer (referring to the lease and breach of it by lessor Musser) because all of said matters are irrelevant and redundant, and because there is no privity between defendant and Brink, nor between defendant and plaintiff therein.

DAVIS & BROADDUS, for respondent.

I. The respondent cites, to uphold the judgment of the circuit court, the authorities cited by appellant, especially *Bank of Trenton* v. *Gillilan* (63 Mo.·33) and *Middleton* v. *K. C. & P. R. R. Co.* (62 Mo. 581).

II. In order to bind Musser it·was ,not necessary to show that at the time he approved or ratified the sale "he had full knowledge of all the material facts relative to the sale," provided he knew what hay and corn Brink had sold to appellee. In the case in 63 Mo. 32, the court says: "But although it may be true that Nathan Gillilan did not give authority to so sign his name to the instrument on which the claim of plaintiff is based, yet it was doubtless in his power, upon full knowledge of

what had been done, to give it the sanction of his approbation."

III. But appellant contends that the court below should have stricken out parts of defendant's answer. For the sake of argument we will admit that the court erred in refusing to do so, yet the appellant was not injured thereby, because nothing contained therein was made an issue before the jury.

Opinion by ELLISON, J.

Appellant, plaintiff below, was the owner of a farm in Caldwell county, and by written lease containing a variety of stipulations as to the manner of its use, rented the farm to one F. M. Brink for three years. It was provided by this instrument that under certain conditions, Brink, the lessee, was to feed the corn and hay raised, to cattle which were to be furnished by appellant, and, though nothing is said in the lease, it seems conceded that in the event of no cattle being furnished to eat the crop to be raised, Brink and appellant were to be joint owners thereof.

In 1876 respondent purchased from the tenant Brink, the corn, and according to his own testimony, a portion of the hay raised on the premises that year. After he had fed the corn and a portion of the hay, appellant institutes this suit against him in the circuit court of Caldwell county for fifteen hundred dollars. A change of venue was granted to Livingston county, when on a trial by jury the verdict was for respondent.

Appellant filed a motion to strike out a portion of respondent's answer, which was overruled by the circuit court, and exceptions duly taken. All instructions asked on either side were given by the court.

Appellant's motion to strike out a portion of the answer should have been sustained, as we cannot see from the record, any relevancy that portion of the answer objected to, bore to the case. It appears, however, to have been wholly abandoned at the trial. No instructions

were asked by either side, referring to it in any manner, and we are satisfied no harm resulted to appellant in refusing to strike it out.—*Leabo* v. *Goode et al.*, 67 Mo. 186.

· There were no instructions refused for either side, and, so far as we can gather from those given, the whole controversy before the jury was whether the appellant, after becoming aware of the sale of his property by his tenant and co-owner who was in possession of it, ratified or · adopted that sale. The jury found that he did, and the only question for us is, was there error on the part of the court in giving instructions for respondent. Those objected to are as follows:

No. 1. The court instructs the jury if they find from the evidence that the defendant informed plaintiff of his purchase of the hay and the corn, and that he approved of the sale, then the jury are instructed that such approval amounts to a ratification of the sale, and the jury will find for the defendant.

No. 2. If the jury find from the evidence that the defendant notified the plaintiff of his purchase of the corn and hay and that he assented to the purchase so made by the defendant, and that the defendant had paid for the corn and hay used by him before any further notice from plaintiff that he still had a claim on the corn and hay, they will find for the defendant.

No. 3. If the jury find from the evidence that plaintiff ratified the sale of the corn and hay to the defendant, he cannot recover in this case against the defendant, and the verdict must be for the defendant.

We think these instructions state the law clearly. The jury were simply told that if the appellant, after being informed of the action of his tenant, adopted such action as his own, the verdict should be for defendant. The authorities cited by appellant to the effect that a principal must have full information as to the circumstances attending the action of the agent before he will be bound by ratification, do not mean, as applied to this case, that he should have been informed as to the terms and details of the sale.

The material fact for him to know here was, that his share of the property had been sold by his tenant to respondent. This was all the information necessary for his election. If, upon being informed of the sale by Hill, he had asked upon what terms it had been made, and thereupon been misled as to the details of the transaction—if he had asked for details and been deceived—he would not have been bound. Here, however, from the evidence given on that subject, it would seem that appellant had learned of the sale before meeting with respondent and given it his approbation. The parties appear to have reduced the cause at the trial down to quite narrow limits, and we are satisfied that on the issues presented no error was committed.

Judgment affirmed. Hall, Judge, concurs. Philips, P. J., files separate opinion concurring in result.

Separate opinion of PHILIPS, P. J.

If the foregoing opinion is to be construed as an approval of the instructions given on behalf of the defendant, independently considered, I do not concur.

The first and third instructions, in my opinion, are faulty, because they submit a question of law to the determination of the jury. It is perfectly manifest, from reading the first instruction in connection with the third, that the words "approved" and "ratified" are employed as synonymous. Therefore the jury were told that if Musser, after having notice of the sale of the corn and hay, "ratified" the act, the jury should find for the defendant.

What is a ratification is a mixed question of law and fact. Questions of law belong to the court. The jury should find the facts, but the court applies the law. The court should tell the jury, if they find from the evidence the existence of the facts testified to by the witnesses, they did or did not amount to a ratification.—*Atterberry* v. *Powell*, 29 Mo. 429; *Morgan* v. *Durfee*, 69 Mo. 470; *S. L., K. C. & N. Ry. Co.* v. *Cleary*, 77 Mo. 638; *Nichols* v. *Winfrey*, 79 Mo. 545; *Stewart* v. *City of Clin-*

*ton*, 79 Mo. 614; *Newman* v. *Lawless*, 6 Mo. 279; *Wiser* v. *Chesley*, 53 Mo. 549; *Mueler* v. *Put. F. Ins. Co.*, 45 Mo. 84; *Hudson* v. *R. R. Co.*, 53 Mo. 539.

But I concur in affirming the judgment of the circuit court because the plaintiff in his fourth instruction, in effect, told the jury they could find against him, if they found "a ratification of the sale," thereby recognizing their right to determine what amounted to a ratification or approval.

*Communis error facit jus.* Before the plaintiff could complain of the vice in defendant's instructions under such circumstances, he should have gone further and asked the court to define the meaning of the term, or predicated the facts, based on the evidence, which would in law amount to a ratification, or from which the jury might infer it.