SHERWOOD v. HARBECK et al. (two cases).

(Supreme Court, Appellate Division, Second Department. January 12, 1897.)

RIGHT TO INTERVENE—ACTION AGAINST EXECUTOR.

Legatees whose legacies must abate unless paid out of the proceeds of certain land have a right to become parties to an action brought against the executor by one seeking to compel him to convey such land in execution of an alleged gift of it to him by the testator, though the complaint does not state that the will charged the executor with the disposition of the land, and therefore states no cause of action against the executor.

Appeal from special term.

Actions by Joseph W. Sherwood against Charles T. Harbeck, as executor of the will of Eliza D. Harbeck, and by John H. Sherwood against the same defendant, to compel him to convey certain land to plaintiff in execution of an alleged parol gift by deceased to plaintiff. From an order in each case allowing Harriet Willett and others to become parties defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Walter Farrington, for appellant.
Wilson Brown, Jr., for respondents.

CULLEN, J. The plaintiff brings this action to compel the defendant, as executor, to convey certain lands which plaintiff alleges were the subject of a parol gift to him by the defendant's testator, on the faith of which the lands were improved. The petitioners are

legatees under the will of defendant's testator.    Upon affidavits alleging that the lands sought to be reached by plaintiff were part of the residuary estate of the testator, and applicable to the satisfaction of their legacies, which, in default of such application, must necessarily abate, they applied to be made parties to the action.    The special term granted the application, and from that order the plaintiff has appealed.

We are somewhat embarrassed in the disposition of this appeal by the fact that the record does not contain the will of the defendant's testator.    The complaint is singular.    It alleges the gift, the entry by the plaintiff, and improvement of the lands.    It also alleges that the defendant is executor of the will of the deceased donor.    But it does not show what, if any, interest the defendant has in the subject-matter.    As executor he has nothing to do with the real estate. The action should have been brought against the devisees.    On its face it states no cause of action against the defendant.    If there was any devise to the executor, or any equitable conversion into personalty directed, it should have been pleaded.    But, though the complaint is defective in not being brought against the persons on whom the title to the land has apparently devolved, the applicants had the right to come into the suit if they have any lien on the land.

It is averred in the moving affidavits that, under the will, it is the duty of the executor to sell the land in suit for the satisfaction of the legacies to the applicants.    If this is the case, then these legacies are charged on the realty.    Taylor v. Dodd, 58 N. Y. 343; Kalbfleisch v. Kalbfleisch, 67 N. Y. 354.    If charged on the lands, the legacies are specific liens (Kelsey v. Western, 2 N. Y. 500), and the applicants are necessary parties to the action.    It may be that, if we had the will before us, and knew exactly its provisions, we would come to a contrary conclusion.

The order appealed from should be affirmed, with $10 costs.    All concur.